Jonathan A. Dessaules, State Bar No. 019439
Douglas C. Wigley, State Bar No. 027223
**DESSAULES LAW GROUP**
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
602.274.5400

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Ryan, Barbara A. Ochs, Ana M. Vazquez, and Marissa Hinton, on behalf of themselves and all others similarly situated, | No. |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| vs. | |
| American Institute of Technology, Inc., an Arizona corporation, | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiffs Teresa Ryan, Barbara A. Ochs, Ana M. Vazquez, and Marissa Hinton, on their own behalf and on behalf of a class of similarly situated individuals, by and through undersigned counsel, for their Complaint against American Institute of Technology, Inc. ("AIT") allege as follows:

**INTRODUCTION**

1.     Defendant AIT, a private technical/career institute, is a commercial driver license ("CDL") truck-driver training school with campuses located in Phoenix, Arizona, Las Vegas, Nevada, Gardena, California, and Fontana, California, as well as corporate offices located in Phoenix, Arizona.

2.     AIT has maintained a company-wide policy at each of its campuses of wrongly classifying employees as exempt from the overtime wage provisions of the Fair Labor Standards Act ("FLSA") and refusing to pay overtime wages in accordance with the FLSA. These

1    employees have routinely worked in excess of forty hours per week without receiving overtime
2    pay in violation of the FLSA.

3        3.    Responsibility for these willful violations emanates from the highest corporate
4    levels.  Upon information and belief, AIT's executive management encourages the wrongful
5    classification of non-exempt employees and promulgates policies that allow such violations to
6    flourish without any effective internal recourse in order to circumvent the overtime wage
7    provisions of the FLSA.

8                              **PARTIES AND JURISDICTION**

9        4.    Plaintiff Teresa Ryan is a citizen of Maricopa County, Arizona.  She was hired by
10   AIT on or about September 22, 2008 and was discharged on or about April 1, 2010.  During her
11   employment with AIT, she was employed at the Phoenix, Arizona campus in the position of
12   Admissions Representative.

13       5.    Plaintiff Barbara A. Ochs is a citizen of Maricopa County, Arizona.  She was
14   hired by AIT on or about August 10, 2009 and was discharged on or about April 1, 2010.
15   During her employment with AIT, she was employed at the Phoenix, Arizona campus in the
16   position of Admissions Representative.

17       6.    Plaintiff Ana M. Vazquez is a citizen of Maricopa County, Arizona.  She was
18   hired by AIT on or about September 8, 2009 and was discharged on or about January 6, 2010.
19   During her employment with AIT, she was employed at the Phoenix, Arizona campus in the
20   position of Assistant to the Director of Admissions.

21       7.    Plaintiff Marissa Hinton is a citizen of Maricopa County, Arizona.  She was hired
22   by AIT on or about October 22, 2009 and was discharged on or about April 1, 2010.  During her
23   employment with AIT, she was employed at the Phoenix, Arizona campus in the position of
24   Assistant to the Director of Admissions and previously a Telemarketer.

25       8.    The additional persons who may become plaintiffs in this action are similarly-
26   situated current or former employees of AIT who are or were subject to the payroll practices and

2

procedures described herein and who were not paid time and one-half of their regular rate of pay for all overtime hours during the liability period.

9.     Defendant AIT is an Arizona corporation with its principal place of business in Arizona.  Upon information and belief, AIT is authorized to do business in the State of Arizona.

10.     AIT caused events to occur and committed actions in the State of Arizona, which are the subject of this Complaint.

11.     Defendant AIT is, and at all relevant times was, engaged in interstate commerce, does not provide goods or services to consumers, is not a retail or service establishment under 29 U.S.C §207(i), has had annual gross revenues in excess of $500,000.00 at all material times, and is subject to the provisions of the FLSA.

12.     This case is brought to recover from AIT unpaid overtime compensation, liquidated damages, costs and attorneys' fees under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*  Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13.     Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claim occurred within this judicial district and AIT is otherwise located within this judicial district.

**GENERAL ALLEGATIONS REGARDING FAILURE TO PAY OVERTIME**

14.     AIT's current and former employees holding non-exempt positions have been injured by the company's practice of misclassifying them as exempt from the provisions of the FLSA and failing to compensate them for overtime hours.   At all times relevant to this Complaint, Plaintiffs and those similarly-situated to Plaintiffs worked in excess of forty hours per week and were not paid for their overtime hours.

15.     The standard work-week at AIT for most persons in Plaintiffs' positions is more than forty hours per week. Plaintiffs and those similarly situated frequently work – indeed, frequently are required to work – more than forty hours per week.

16.     AIT knows or should know that its policies and practices violate the FLSA.

3

17.     During the liability period, none of the Plaintiffs or those similarly situated have received more than half of their compensation in the form of commissions on sales of goods or services.

18.     During the liability period, AIT has not employed any of the Plaintiffs or those similarly situated in a position that is exempt under the FLSA.

19.     Pursuant to 29 U.S.C. §216(b), Plaintiffs seek to prosecute their FLSA claims, stated in Count I below, as a collective action on behalf of all present and former employees at AIT located in the United States who worked more than forty hours in any week without receiving overtime pay at any time on or after May 2007 to the present, including but not limited to those current and former employees who hold or held the positions of Admissions Representative, Assistant to the Director of Admissions, and all other positions in which the employee was entitled to overtime pay and not exempted from overtime pay under the FLSA. In the event the Court determines at the notice stage or any time thereafter that all plaintiffs and members of the collective action as defined above are not similarly situated, the definition may be modified or narrowed, and/or appropriate subclasses based on business unit or otherwise may be established.

**COUNT I**
**VIOLATION OF FLSA – INDIVIDUAL AND COLLECTIVE ACTION "OPT-IN"**
**CLAIMS FOR RELIEF**

20.     Plaintiffs re-allege the above allegations as if set forth herein.

21.     On various occasions, Plaintiffs and those similarly situated worked more than 40 hours per week.

22.     Plaintiffs and those similarly situated were entitled to be paid one and one-half times their regular rate of pay for overtime work performed in excess of 40 hours per week, pursuant to the FLSA.

23.     AIT did not pay Plaintiffs and those similarly situated for work performed by them in excess of 40 hours per week.

4

24.    Plaintiffs and those similarly situated did not fall within any of the exemptions from payment of overtime wages under the FLSA.

25.    The aforesaid conduct by AIT constitutes a violation of the FLSA.

26.    The aforesaid conduct by AIT was willful or intentional, done in bad faith, or was reckless in disregard as to whether its conduct violated the FLSA.

27.    As a result of the above, Plaintiffs and those similarly situated have suffered damages, including loss of income, which amount should be determined at trial.

28.    As a result of the above, Plaintiffs and those similarly situated are entitled to judgment against Defendant AIT in a reasonable amount as may be proved at trial, together with liquidated damages under the FLSA, interest, and reasonable attorney's fees and costs incurred herein.

**COUNT II**
**VIOLATION OF A.R.S. § 23-355 – INDIVIDUAL CLAIMS FOR FAILURE TO PAY WAGES IN A TIMELY MANNER**

29.    Plaintiffs re-allege the above allegations as if set forth herein.

30.    Defendant AIT terminated Plaintiffs from their employ without paying wages to which Plaintiffs were entitled, including but not necessarily limited to overtime wages and lacked good cause for refusing to pay all wages due and owing to Plaintiffs.

31.    As a result of the above, Plaintiffs are entitled to judgment against AIT for treble damages, as calculated based on the amount of unpaid wages owed to Plaintiffs that were not paid in a timely manner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand and pray for judgment and relief as follows:

(A)    That this case be maintained as a collective action and that collective action opt-in procedures be adopted;

(B)    Awarding judgment in Plaintiffs' favor and against Defendant in an amount to be determined at trial for overtime compensation under the FLSA;

5

(C)    Awarding to Plaintiffs their liquidated damages in the amount double their actual damages;

(D)    Awarding Plaintiffs treble damages pursuant to A.R.S. § 23-355;

(E)    Awarding Plaintiffs their costs of suit, reasonable attorneys' fees, and pre-judgment and post-judgment interest;

(F)    Awarding Plaintiffs such further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 5th day of May 2010.

                            DESSAULES LAW GROUP


                            By:  /s/  Jonathan A. Dessaules
                                 Jonathan A. Dessaules
                                 Douglas C. Wigley
                                 *Attorneys for Plaintiffs*

6