Jonathan A. Dessaules, State Bar No. 019439
Douglas C. Wigley, State Bar No. 027223
**DESSAULES LAW GROUP**
2700 North Central Avenue, Suite 1250
Phoenix, Arizona 85004
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com
dwigley@dessauleslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Ryan, Barbara A. Ochs, Ana M. Vazquez, Marissa Hinton, and Landa Anderson on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>American Institute of Technology, Inc., an Arizona corporation,<br><br>        Defendant. | No. CV10-979-PHX-MHM<br><br>**EXHIBITS TO STIPULATION FOR COURT APPROVAL OF COLLECTIVE ACTION SETTLEMENT AGREEMENT** |

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

1.     This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is entered into between Plaintiffs Teresa Ryan, Barbara Ochs, Ana Vazquez, Marissa Hinton and Landa Anderson (the "Named Plaintiffs"), on behalf of themselves and all other similarly situated individuals who have consented to participate in the above-captioned collective action case as Opt-In Plaintiffs, and Defendant American Institute of Technology, Inc. ("Defendant" or the "Company"), subject to the approval of the Court.

## I     DEFINITIONS

2.     As used in this Settlement Agreement, the following terms shall have the following meanings:

     a.     "Attorney's Fees" means that amount which shall be paid by Defendant to Plaintiffs' Counsel, pursuant to this Settlement Agreement, ranging from $25,905.41 (1/3rd of the Gross Settlement Amount of $77,719.23) up to $50,000 (based on Plaintiffs' Counsel's hourly rates and the number of hours incurred in this matter). The Court will decide the Attorneys' Fees amount awarded to Plaintiffs' Counsel within the agreed-upon range set forth herein.

     b.     "Claim Form" means the form entitled "Consent to Join Collective Action" provided to potential Opt-In Plaintiffs to submit in order to join the FLSA Collective Action and obtain a Settlement Award under this Settlement Agreement, as set forth in Exhibit 1 attached to this Settlement Agreement.

     c.     "Claims Released" with respect to only the Named Plaintiffs, means any and all claims, demands, rights, liabilities, damages, penalties, liquidated damages, punitive damages, actions, causes of action and/or other legal responsibilities, in any form whatsoever, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of approval of this settlement by the Court, and (b) have been or could have been asserted by the Named Plaintiffs, or an agent, successor, assign, heir, executor or administrator of the Named Plaintiffs, whether directly, indirectly, representatively, derivatively or in any other capacity, against Company. The Claims Released include, but are not limited to, all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), all claims for attorneys' fees, costs and expenses, and all claims under any other federal, state, or local law, whether arising or emanating from statute, executive order, rule, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust enrichment and quantum meruit), and including those claims that were asserted or could have been asserted in the above-captioned case, any claims that monies received from the settlement are compensation eligible for retirement or other employee benefit plans of Company, and all claims relating to, arising out of, or in any way connected with the Named Plaintiffs' former employment, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment and/or any other interaction with Company that occurred prior to the date of approval of this settlement by the Court.

d.      "Claims Submission Period" means the time period of sixty (60) days commencing on the date when the FLSA Notice and Claim Form were initially mailed to the potential Opt-In Plaintiffs in which they submitted their executed Claim Forms to receive a Settlement Award under this Settlement Agreement.

e.      "Defendant" and "Company" shall encompass American Institute of Technology, Inc. and any current or former officer, director, owner, employee or shareholder of American Institute of Technology, Inc.

f.      "Defense Counsel" means Duane Morris, LLP.

g.      "Enhancement Award" means Two Thousand Dollars ($2,000.00) paid to each Named Plaintiff individually for her efforts in bringing and prosecuting this matter, for a total award of Ten Thousand Dollars ($10,000).

h.      "Effective Date" means the date of approval of this Settlement Agreement by the Court.

i.      "FLSA Collective Action" means the civil action, as amended, titled *Teresa Ryan, Barbara A. Ochs, Ana M. Vazquez, Marissa Hinton, and Landa Anderson on behalf of themselves and all others similarly situated v. American Institute of Technology, Inc.*, presently pending in the United States District Court for the District of Arizona, Case No. CV2010-0797-PHX-MHM.

j.      "FLSA Notice" means the Notice of Collective Action Against American Institute of Technology, Inc. sent to the potential Opt-In Plaintiffs, in the form attached as Exhibit 2 to this Settlement Agreement, which was approved by the Court. The potential Opt-In Plaintiffs included all individuals employed in the United States as an Admissions Representative by Company during the time period from August 20, 2007 to August 20, 2010. Named Plaintiffs and Defendant agreed on a list of all such individuals and each such individual was sent an FLSA Notice.

k.      "FLSA Notice of Collective Action Settlement" means the Notice attached as Exhibit 3 to this Settlement Agreement. The Parties agree that, with Court approval, a Notice in the form attached as Exhibit 3 will be delivered to all Named Plaintiffs and Opt-In Plaintiffs with their Settlement Award.

l.      "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Settled Claims by the Named Plaintiffs and the Opt-In Plaintiffs which is the sum of Seventy-Seven Thousand Seven Hundred Nineteen Dollars and Twenty-Three Cents ($77,719.23), excluding the employer's share of FICA and FUTA payroll taxes, plus Attorneys' Fees, which amount is to be determined by the Court in an amount between $25,906.41 and 50,000.00. In no event shall the Gross Settlement Amount exceed the sums described herein, plus the employer's share of FICA and FUTA payroll taxes on the amounts paid to Named Plaintiffs and Opt-In Plaintiffs.

m.      "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement.

DM1\2431519.1

n.     "Named Plaintiffs" means Teresa Ryan, Barbara A. Ochs, Ana M. Vazquez, Marissa Hinton and Landa Anderson (also referred to herein as "Plaintiffs").

o.     "Net Settlement Amount" means the Gross Settlement Amount less (i) a total of Ten Thousand Dollars ($10,000) set aside for the Named Plaintiffs, who have participated extensively in this case, for their efforts in bringing and prosecuting this matter, and in exchange for a general release of claims executed in favor of Defendant as set forth in paragraph 2(b), above; and (ii) the payment of Attorneys' Fees to Plaintiffs' counsel, in the amount of between $25,906.41 and $50,000, to be determined by the Court.

p.     "Opt-In Plaintiff" or "Opt-In Plaintiffs" means all persons who opted in to this FLSA Collective Action by returning a fully executed, valid and timely Claim Form to Plaintiffs' Counsel, each of which has been filed with this Court; however, Vartan John Pamoukian is not an Opt-In Plaintiff as the Parties agree he is not a member of the FLSA Collective Action class. Vartan John Pamoukian submitted a Claim Form but is not a proper Opt-In Plaintiff, is not part of the FLSA Collective Action, is not part of the Settlement Agreement, and neither this Settlement Agreement nor Vartan John Pamoukian's submission of a Claim Form affects his rights to bring a claim(s) against Defendant.

q.     "Parties" means the Named Plaintiffs, Opt-In Plaintiffs and Defendant.

r.     "Plaintiffs' Counsel" means The Dessaules Law Group.

s.     "Released Parties" means (i) Defendant; (ii) any subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant; and (iii) any current or former officer, director, owner, employee or shareholder of an entity referenced in this paragraph.

t.     "Settled Claims" means any and all state, local or federal claims, whether known or unknown, which were asserted, or could have been asserted in this FLSA Collective Action against the Released Parties and which emanate from the same facts set forth in the FLSA Collective Action on behalf of the Named Plaintiffs and/or Opt-In Plaintiffs (or their agents, successors, assigns, heirs, executors or administrators) with respect to the time that they were employed by Defendant as Admissions Representatives, or in the case of Marissa Hinton and Ana Vazquez only, as Trainee Services.

u.     "Settlement Agreement" means this Agreement and all Exhibits attached to it.

v.     "Settlement Award" means the gross wage payment that each Named Plaintiff shall be entitled to receive pursuant to the terms of the Settlement Agreement and that each Opt-In Plaintiff shall be entitled to receive pursuant to the terms of the Settlement Agreement as a result of timely submitting a valid Claim Form, other than Vartan John Pamoukian, who submitted a Claim Form but who is not a proper Opt-In Plaintiff in the FLSA Collective Action and is not part of this Settlement Agreement.

3

## II   RECITALS

3.     Plaintiffs made certain allegations concerning their employment with Defendant as Admissions Representatives and Trainee Services, regarding the Company's alleged failure to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*   Defendant has denied that it has any liability for failing to pay overtime compensation to any Admissions Representatives or Trainee Services employees and further states that it has paid all such employees in accordance with all applicable federal, state and local law.

4.     On August 6, 2010, the Parties submitted a Stipulation Regarding Conditional Certification of a Collective Action.  On August 13, 2010, the Court issued an Order Granting Conditional Certification of Collective Action pursuant to 29 U.S.C. § 216(b), and approving the FLSA Notice and Claim Form to be sent to the potential Opt-In Plaintiffs.  On August 20, 2010, Plaintiffs' Counsel served by mail a Notice of Class Action to "All Individuals Employed as Admissions Representatives by Defendant At Any Time During the Three (3) Years Preceding the Date of This Notice."  The Court allowed Claims Submission Period of sixty (60) days from the date the approved FLSA Notice was mailed to potential Opt-In Plaintiffs.

5.     As of the end of the opt-in period on October 19, 2010, twenty (20) individuals had returned their consents to join the FLSA Collective Action.  One of the individuals who consented to join, Vartan John Pamoukian, is not a proper Opt-In Plaintiff and is excluded from the Settlement Agreement and FLSA Collective Action.

6.     The Parties participated in extensive settlement negotiations.  As a result of these negotiations, the Parties have agreed to settle the FLSA Collective Action according to the terms of this Agreement.

7.     The Parties have investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the FLSA claims asserted against Defendant.  Based upon Plaintiffs' Counsel's investigation, legal evaluation and taking into account the contested legal and factual issues involved, including the parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the potential Opt-In Plaintiffs pursuant to this Settlement Agreement, Named Plaintiffs and Plaintiffs' Counsel have concluded that a settlement with Defendant on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Named Plaintiffs and Opt-In Plaintiffs.

8.     The Parties recognize that notice to potential Opt-In Plaintiffs of the material terms of this settlement, as well as Court approval of the settlement, are required to effectuate this Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants approval of this Settlement Agreement.

9.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) with respect to the Opt-In Plaintiffs as defined above in paragraph 2(n) have been and are met.

4

10. NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the FLSA Collective Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

## III   RELEASES

11. <u>Release</u>. It is hereby agreed, by and between the Named Plaintiffs and Opt-In Plaintiffs, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that upon entry of an order approving this Settlement:

      a. Named Plaintiffs shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released, whether known or unknown.

      b. Each Opt-In Plaintiff who has elected to participate and submitted a timely and valid Claim Form, other than Vartan John Pamoukian, shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims, whether known or unknown.

12. <u>Release Language on Named Plaintiffs' Enhancement Award Settlement Checks</u>. The Parties shall include the following release language on the back of each Enhancement Award settlement check for Named Plaintiffs:

> My signature or negotiation of this check constitutes a full and complete release of American Institute of Technology, Inc. (AIT), and any subsidiary, parent company, related entity, successor or division of AIT; and any current or former officer, director, owner, employee or shareholder of any AIT entity, of all Claims Released that I agreed to settle by participating in the settlement of *Teresa Ryan, et al. v. American Institute of Technology, Inc.*, Case No. CV2010-00979-PHX-MHM, namely, all federal, state or local claims related to my employment with AIT and the cessation of that employment, including all wage claims, during the time I was employed by American Institute of Technology, Inc.

13. <u>Release Language on Settlement Checks for Settlement Award Amounts</u>. The Parties shall include the following release language on the back of each Settlement Award settlement check for Named Plaintiffs (other than Marissa Hinton and Ana Vazquez, whose language on the back of each Settlement Award check is described below in the next paragraph), and Opt-In Plaintiffs employed by Company as an Admissions Representative:

> My signature or negotiation of this check constitutes a full and complete release of American Institute of Technology, Inc. (AIT), and any subsidiary, parent company, related entity, successor, or division of AIT; and any current or former officer, director, owner, employee or shareholder of any AIT entity, of all Settled Claims that I agreed to settle by participating in and/or submitting a Claim Form to participate in the settlement of *Teresa Ryan, et al. v. American Institute of Technology, Inc.*, Case No. CV2010-00979-PHX-MHM, namely, all federal, state or local claims for unpaid overtime during the time I was employed by AIT as an Admissions Representative.

5

15.   Release Language on Settlement Checks for Settlement Award For Marissa Hinton and Ana Vazquez. The Parties shall include the following release language on the back of each Settlement Award settlement check for Named Plaintiffs Marissa Hinton and Ana Vazquez, who were employed by Company as Trainee Services employees:

> My signature or negotiation of this check constitutes a full and complete release of American Institute of Technology, Inc. (AIT), and any subsidiary, parent company, related entity, successor, or division of AIT; and any current or former officer, director, owner, employee or shareholder of any AIT entity, of all Settled Claims that I agreed to settle by participating in the settlement of *Teresa Ryan, et al. v. American Institute of Technology,* Case No. CV2010-00979-PHX-MHM, namely, all federal, state or local claims for unpaid overtime during the time I was employed by AIT as a Trainee Services employee.

## IV   COURT APPROVAL, NOTICE OF SETTLEMENT & DISMISSAL OF COLLECTIVE ACTION

16.   Court Approval. On or before December 22, 2010, the Parties will file with the Court a Joint Motion for Approval of the Settlement Agreement and shall appear for a hearing if the Court so orders. The Parties will submit to the Court for its review and approval this Settlement Agreement and its exhibits. The Parties will submit supplemental briefing on the Attorneys' Fees, if the Court so orders. The Parties will jointly request the Court to enter an Order approving this Settlement Agreement and dismissing the FLSA Collective Action with Prejudice.

17.   Determination of Settlement Award Eligibility.  All Opt-In Plaintiffs who submitted a valid and timely Claim Form will receive a Settlement Award as outlined in Exhibit 4, other than Vartan John Pamoukian, who is not a part of the Settlement Agreement or the FLSA Collective Action.

18.   Notice of Settlement of Collective Action.  All Named Plaintiffs and Opt-In Plaintiffs, other than Vartan John Pamoukian, will receive a Notice of Settlement of Collective Action in the form of Exhibit 3 along with their Settlement Award check.

19.   Proposed Order and Request for Dismissal with Prejudice Filed with Court.  A proposed Order regarding final judgment and a stipulated request for dismissal of the entire action with prejudice will be submitted with the Parties Joint Motion For Approval of the Settlement Agreement.

20.   Implementation Schedule. The Named Plaintiffs and Defendant agree that the Implementation Schedule attached as Exhibit 5 shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on: (a) the mutual consent in writing of counsel for the Parties; (b) delays due to the Court's schedule; or (c) by Order of the Court.

DM1\0431519.1

## V    SETTLEMENT FUNDS AND AWARD CALCULATION

21.    <u>Settlement Payments</u>.  Subject to Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid from the Gross Settlement Amount:

a.    <u>Enhancement Awards for Named Plaintiffs</u>.  Subject to Court approval and in exchange for the release of all Claims Released, the Named Plaintiffs shall each receive Two Thousand Dollars ($2,000.00) for their efforts in bringing and prosecuting this matter, for a total of Ten Thousand Dollars ($10,000) paid by Defendant in Enhancement Awards. Enhancement Awards shall be paid to Named Plaintiff at or before thirty (30) days after the Court approves the Settlement Agreement.  Defendant shall issue a Form 1099 for these payments and shall not withhold any payroll taxes from such payments.

b.    <u>Plaintiffs' Counsel Attorney's Fees</u>.

(i)    Plaintiffs' Counsel shall be awarded Attorney's Fees ranging from $25,905.41 (33% of the Settlement Award) up to $50,000 (based on Plaintiffs' Counsel's hourly rates and the number of hours incurred in this matter).  The Court will decide the amount awarded to Plaintiffs' Counsel.  The Parties shall respond timely to all Court demands and inquiries as it relates to its calculation of Plaintiffs' Counsel's fees.  The amount awarded will compensate Plaintiffs' Counsel for work already performed in this case as well as all of the work remaining to be performed in this case, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the action.  Plaintiffs' Counsel shall submit a fee application and supporting documentation within five (5) court days of the filing of Joint Motion for Approval of the Settlement Agreement, Defense Counsel may submit a response to such fee application within ten (10) court days of Plaintiff's Counsel's submission, and Plaintiffs' Counsel may reply within ten (10) court days of the filing of any such response.

(ii)    Defendant shall pay Plaintiffs' Counsel's Attorney's Fees within ten (10) business days of the Court's issuance of an Order related to the Plaintiffs' Counsel's Attorneys' Fee award.

(iii)    The Attorney's Fees paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in this FLSA Collective Action incurred on behalf of the Named Plaintiffs and/or any Opt-In Plaintiff, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Named Plaintiffs or Opt-In Plaintiffs.

(iv)    A Form 1099 shall be provided to Named Plaintiffs, Opt-In Plaintiffs, and Plaintiffs' Counsel for the Attorney's Fee payments made to Plaintiffs' Counsel. Plaintiffs' Counsel shall be solely and legally responsible to pay any and all applicable taxes, if any, on the payment of Plaintiffs' Counsel's Attorney's Fees.

c.    Settlement Awards to Named Plaintiffs and Opt-In Plaintiffs. The Named Plaintiffs and Opt-In Plaintiffs shall be paid a Settlement Award from the Net Settlement Amount as set forth in Exhibit 4, which contains the anticipated amounts that have been calculated and agreed upon by both Plaintiffs and Defendant taking into account the Named Plaintiffs and Opt-In Plaintiffs' dates of employment, hourly wage rates, and hours worked each day during the period covered by the FLSA Collective Action. The Named Plaintiffs do not need to submit a Claim Form to participate in this Settlement.

(i)    Settlement Awards shall be paid to the Opt-In Plaintiffs and Named Plaintiffs on or before thirty (30) days after the Court approves the Settlement Agreement.

(ii)    The Parties agree that one hundred percent (100%) of each Settlement Award shall be treated as back wages paid by Defendant. Accordingly, on each Settlement Award, the Claims Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to one hundred percent (100%) of each Settlement Award distributed, and Defendant shall pay only the employer's share of all required FICA and FUTA taxes on such amounts. Defendant shall pay these taxes after the Settlement Awards are mailed to Opt-In Plaintiffs on the date specified in this Agreement.

(iii)    All checks for Settlement Awards shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed by an Opt-In Plaintiff or Named Plaintiffs within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. Plaintiffs' Counsel will include with the checks a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled.

22.    No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement. No person shall have any claim against Defendant or any of the Released Parties, the Named Plaintiffs, the Opt-In Plaintiffs, Plaintiffs' Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

23.    Remaining Monies. The parties agree that if, at the conclusion of this Settlement, and after all distributions pursuant to this Settlement are made, there are any monies remaining, those moneys shall be treated as follows:  (1) if the remaining monies are equal to or less than 20% of the Gross Settlement Amount, they shall be distributed on a *pro rata* basis to all Opt-In Plaintiffs; (2) if the remaining monies are greater than 20% of the Gross Settlement Amount, they shall be distributed back to Defendant.

## VI    DISPUTE RESOLUTION

24.    Except as otherwise set forth herein, all disputes concerning the interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

a.    If the Named Plaintiffs, Opt-In Plaintiffs, or Plaintiffs' Counsel, on behalf of the Named Plaintiffs or any Opt-In Plaintiff, or Defendant at any time believes that the other party has breached or acted contrary to the Settlement Agreement, that party shall notify the

8

other party in writing of the alleged violation, and such notification shall be made within thirty (30) days that the notifying party knew or should have known of the alleged violation.

      b.      Upon receiving notice of the alleged violation or dispute, the responding party shall have ten (10) business days to correct the alleged violation and/or respond to the initiating party with the reasons why the party disputes all or part of the allegation.

      c.      If the response does not address the alleged violation to the initiating party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) business days to resolve their differences.

      d.      If Plaintiffs' Counsel and Defendant are unable to resolve their differences after twenty (20) business days, either party may file an appropriate motion for enforcement with the Court.

## VII    FAILURE OF SETTLEMENT

25.    Effect of Failure of Settlement.  In the event the Court fails to approve this Settlement Agreement upon presentation to the Court pursuant to Paragraph 14 above, the Parties agree to meet in good faith and attempt to modify this Settlement Agreement so that it is acceptable to the Parties and to the Court. In the event that the Parties are unable to modify this Settlement Agreement so that it is acceptable to the Parties and the Court within forty-five (45) days after the Court declines to approve this or any such modified Agreement (or such further extension of time upon which the Parties agree), this Settlement Agreement shall be null and void, and the Parties shall return to the status quo as if the Parties had not entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in this FLSA Collective Action or otherwise.

## VIII    MISCELLANEOUS

26.    Diligence.  The Parties agree to diligently prepare and execute this Settlement Agreement and the joint Motion for Approval of the Settlement Agreement.

27.    Various Proceedings Stayed.  The Parties agree to stay all proceedings in this FLSA Collective Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

28.    Defense Fees and Costs.  All of Defendant's own attorneys' fees and legal costs and expenses incurred in this FLSA Collective Action shall be borne by Defendant from Defendant's separate funds and not from the Gross Settlement Amount.

29.    Amendment or Waiver Only in Writing.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest. No rights hereunder may be waived except in writing.

DM1\2431519.1

30.     Complete Agreement.  This Settlement Agreement and attached Exhibits set forth the complete agreement between the parties relating to the Settlement and any and all payments or obligations owed by Defendant to the Named Plaintiffs, Opt-In Plaintiffs, Plaintiff's Counsel, or anyone else in connection with this FLSA Collective Action.

31.     Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

32.     Binding Upon Successors and Assigns.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

33.     No Prior Assignment.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

34.     Governing Law.  All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Arizona and the United States of America, where applicable.

35.     Counterparts.  This Settlement Agreement may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

36.     Exhibits.  The terms of this Settlement Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.  The Exhibits to this Settlement Agreement are an integral part of the Settlement Agreement.  Unless specifically provided otherwise in the Exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the Exhibits, the terms of the Settlement Agreement shall control.

37.     Construction.  The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this FLSA Collective Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement Agreement has been drafted

jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

38.     Retention of Jurisdiction.  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

39.     Agreement of Named Plaintiffs.  The Named Plaintiffs agree not to object to or appeal any of the terms of this Settlement Agreement.  Non-compliance by the Named Plaintiffs with this paragraph shall be void and of no force or effect.  Any such objection shall therefore be void and of no force or effect,

40.     No Signature Required by Opt-In Plaintiffs on Settlement Agreement.  Because the Opt-In Plaintiffs are so numerous, it is impossible or impractical to have each one execute this Settlement Agreement.  The FLSA Notice of Collective Action Settlement will advise all Opt-In Plaintiffs of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Opt-In Plaintiff.

41.     Titles and Captions of No Force.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions.  Each term of this Settlement Agreement is contractual and not merely a recital.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated: _12-19-10_   _Teresa Ryan_ (signature)
                    Teresa Ryan

Dated:_____   _____
                    Barbara A. Ochs

Dated:_____   _____
                    Ana M. Vazquez

Dated:_____   _____
                    Marissa Hinton

Dated:_____   _____
                    Landa Anderson

Dated:_____   DEFENDANT AMERICAN INSTITUTE OF
                    TECHNOLOGY, INC.

                    By:_____
                         Chuck Wirth
                         President and CEO

DM1\2431519.1

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated:_____      _____
                             Teresa Ryan

Dated: _12/20/10_            _Barbara A. Ochs_____
                             Barbara A. Ochs

Dated:_____      _____
                             Ana M. Vazquez

Dated:_____      _____
                             Marissa Hinton

Dated:_____      _____
                             Landa Anderson

Dated:_____      DEFENDANT AMERICAN INSTITUTE OF
                             TECHNOLOGY, INC.

                             By:_____
                                 Chuck Wirth
                                 President and CEO

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated:_____

_____
Teresa Ryan

Dated:_____

_____
Barbara A. Ochs

Dated: 12/20/10

_____
Ana M. Vazquez

Dated:_____

_____
Marissa Hinton

Dated:_____

_____
Landa Anderson

Dated:_____

DEFENDANT AMERICAN INSTITUTE OF TECHNOLOGY, INC.

By:_____
        Chuck Wirth
        President and CEO

12

DM1\2431519.1

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated:_____

Teresa Ryan

Dated:_____

Barbara A. Ochs

Dated:_____

Ana M. Vazquez

Dated: 12-20-10

Marissa Hinton

Dated:_____

Landa Anderson

Dated:_____    DEFENDANT AMERICAN INSTITUTE OF TECHNOLOGY, INC.

By:_____
    Chuck Wirth
    President and CEO

12

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated:_____

_____
Teresa Ryan

Dated:_____

_____
Barbara A. Ochs

Dated:_____

_____
Ana M. Vazquez

Dated:_____

_____
Marissa Hinton

Dated: 12-18-10

_____
Landa Anderson

Dated:_____

DEFENDANT AMERICAN INSTITUTE OF TECHNOLOGY, INC.

By:_____
    Chuck Wirth
    President and CEO

12

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

NAMED PLAINTIFFS:

Dated:_____

Teresa Ryan


Dated:_____

Barbara A. Ochs


Dated:_____

Ana M. Vazquez


Dated:_____

Marissa Hinton


Dated:_____

Landa Anderson


Dated: 12/20/10

DEFENDANT AMERICAN INSTITUTE OF TECHNOLOGY, INC.

By:_____
   Chuck Wirth
   President and CEO

12

APPROVED AS TO FORM:

Dated: _12/21/2010_

DESSAULES LAW GROUP

By: _____

Jonathan Dessaules
Attorneys for Named Plaintiffs and Opt-In
Plaintiffs

Dated:_____

DUANE MORRIS, LLP

By: _____

Julie A. Vogelzang
Attorneys for Defendant
American Institute of Technology, Inc.

13

APPROVED AS TO FORM:

Dated:_____          DESSAULES LAW GROUP


By: _____
    Jonathan Dessaules
    Attorneys for Named Plaintiffs and Opt-In
    Plaintiffs


Dated: 12 20 10 _____          DUANE MORRIS, LLP

By: _____
    Julie A. Vogelzang
    Attorneys for Defendant
    American Institute of Technology, Inc.

13

# EXHIBIT 1

## CONSENT TO JOIN COLLECTIVE ACTION

I, _____, hereby consent to join the lawsuit, *Ryan et al. v. American Institute of Technology, Inc.*, CV2010-00979-PHX-MHM, as a party plaintiff, to assert federal claims against American Institute of Technology for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

Signed at _____ on _____
City, State                                    Date

_____
Signature

_____
Printed Name

_____
Address (will be concealed when filed with court)

_____
Phone Number (will be concealed when filed with court)

_____
Email Address (will be concealed when filed with court)

IN ORDER TO JOIN THIS CASE, THIS FORM MUST BE COMPLETED AND MAILED TO THE DESSAULES LAW GROUP WITH A POSTMARK ON OR BEFORE **October 19, 2010**. You may use the pre-addressed, no-postage-required envelope to return your completed form.

# EXHIBIT 2

### NOTICE OF COLLECTIVE ACTION AGAINST
### AMERICAN INSTITUTE OF TECHNOLOGY, INC.

**TO: ALL INDIVIDUALS EMPLOYED AS <u>ADMISSIONS REPRESENTATIVES</u> BY AMERICAN INSTITUTE OF TECHNOLOGY AT ANY TIME DURING THE THREE (3) YEARS PRECEDING THE DATE OF THIS NOTICE.**

**DATE: <u>8/20/2010</u>**

The purpose of this Notice is to inform you of an existing lawsuit against American Institute of Technology, Inc. ("AIT") in which you are potentially "similarly situated" to the Plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit if you so desire.

The Court has authorized this Notice to be sent to all current and former employees of AIT who were classified as "Admissions Representatives" and who may wish to join the lawsuit.

Submitting a "Consent to Join" form does not guarantee that you will be able to participate in this lawsuit as your right to participate in this suit may depend upon later decisions by the Court concerning the class and the claims being alleged.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Opt In (Join the Lawsuit)** | **Join the lawsuit by completing and returning the "Consent to Join" by the above date.**<br><br>By joining the lawsuit, you are asking to participate in the lawsuit and any recovery obtained by settlement or at trial. You ***must*** opt-in to participate in the lawsuit and any recovery. You are not part of the class unless you opt in. |
| **Do Nothing** | **Do not participate in the lawsuit. Do not complete and return the "Consent to Join" form.**<br><br>If you do nothing, you will not be part of the lawsuit. Your rights will not be affected. |

## WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs have filed this action against AIT, on behalf of themselves and all past and present employees, who at any time during the preceding 3 years have held the job position at AIT called Admissions Representative. This lawsuit alleges that AIT misclassified employees working as Admissions Representatives as salaried, or "exempt" employees, rather than hourly employees, and that AIT owes those employees overtime wages for the hours they worked in excess of forty (40) hours per week under the Fair Labor Standards Act. Plaintiffs allege they are entitled to back overtime pay for such work performed during the last 3 years. Plaintiffs seek to recover from AIT overtime compensation, liquidated damages, interest, an award of reasonable costs and expenses, and such other relief as may be proper.

AIT denies any and all liability, including Plaintiffs' allegations that it failed to correctly compensate Admissions Representatives or that it is liable to Plaintiffs for any claimed violations of the Fair Labor Standards Act.

This lawsuit is in the very early stages of litigation. The Court has conditionally certified this case as a collective action and ordered this Notice be sent to you.

## WHY DID I GET THIS NOTICE?

You received this notice because you were identified as someone who was employed as an Admissions Representative for AIT during the past three (3) years. The Court has conditionally certified this case as a "collective action" for all individuals employed by AIT as an Admissions Representative at any time during the past three (3) years.

## HOW DO I PARTICIPATE IN THE LAWSUIT?

If you were employed by AIT at any time during the last three (3) years and you believe that AIT has failed to pay you for overtime work, you may join the lawsuit as a plaintiff. To join, you **must** complete, sign and mail the enclosed **Consent to Join** to the Dessaules Law Group postmarked on or before sixty (60) days from the date of this Notice, or **October 19, 2010**. If your **Consent to Join** form is not postmarked by that date, you will not be permitted to participate in the lawsuit. Even if you return a timely Consent to Join form, your continued right to participate in this suit may depend upon later decisions by the District Court concerning the class and the claims being alleged.

## WHAT HAPPENS IF I JOIN THIS LAWSUIT?

If you choose to join this lawsuit, you will become a plaintiff. That means that you will be bound by any judgment issued in the case whether it is favorable or unfavorable. You may be entitled to compensation if the case settles or if the judgment is favorable. You may be required to provide information, produce documents, sit for depositions or testify in court.

If you choose to join the collective action, you will be represented by the law firm currently representing the Plaintiffs. The attorneys for the Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no payment to the attorneys. If there is a recovery, the attorneys for the Plaintiffs will receive attorneys' fees as determined by the Court. By joining this lawsuit, you designate the named Plaintiffs as your agents to make decisions on your behalf concerning the claims. These decisions and agreements made and entered into by the Plaintiffs will be binding on you if you join the lawsuit.

If you return the Consent to Join, important decisions concerning the prosecution of the case, including the Fair Labor Standards Act claims, may be made on your behalf.

## DO I HAVE TO JOIN THE LAWSUIT?

No. If you choose not to join this suit, you will not be affected by any settlement or judgment, favorable or unfavorable, on this claim. If you choose not to join this suit, you are free to file your own lawsuit or do nothing.

If you choose not to file a Consent to Join form, the statute of limitations will continue to run. The Fair Labor Standards Act contains a limitations period of at least two years and potentially up to three years for filing of a claim for unpaid overtime wages, after which the claim is barred. The statute of limitations for a claim for unpaid overtime wages will not stop running unless you elect to submit a Consent form.

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS

Jonathan A. Dessaules (State Bar No. 019439)
Christine A. Davis (State Bar No. 021046)
Douglas C. Wigley (State Bar No. 027223)
DESSAULES LAW GROUP
2700 N. Central Ave., Ste. 1250
Phoenix, AZ 85004
Telephone: 602.274.5400
Facsimile: 602.274.5401
jdessaules@dessauleslaw.com
cdavis@dessauleslaw.com
dwigley@dessauleslaw.com

## ATTORNEYS FOR AIT

Julie A. Vogelzang  (CA State Bar No. 019439)
Liseanne Kelly (CA State Bar No. 211782)
Lisa Hird Chung (CA State Bar No. 246766
DUANE MORRIS
101 West Broadway, Suite 900
San Diego, CA  92101-8285
Telephone:  619.744.2228
Facsimile:  619.923.2487

jvogelzang@duanemorris.com
lrkelly@duanemorris.com
lchung@duanemorris.com

## CAN AIT RETALIATE AGAINST ME FOR JOINING THIS LAWSUIT?

No.  Federal law prohibits AIT from firing you or taking any other negative action
against you because you elect to join this lawsuit or otherwise exercise your rights
under the federal Fair Labor Standards Act.

## WHAT SHOULD I DO IF I WANT MORE INFORMATION?

More information about this Notice, the lawsuit, or the deadline for filing a Consent
to Join may be obtained from Plaintiffs' lead counsel by calling 602-274-5400 or by
emailing jdessaules@dessauleslaw.com.

**THIS NOTICE IS FOR THE SOLE PURPOSE OF DETERMINING WHO WISHES TO
JOIN THIS LAWSUIT AND DOES NOT CONSTITUTE IN ANY WAY AN OPINION
REGARDING THE MERITS OF PLAINTIFFS' CLAIMS. THE FEDERAL DISTRICT
COURT HAS AUTHORIZED THIS NOTICE AND ITS CONTENTS, BUT HAS TAKEN
NO POSITION REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR THE
DEFENSES OF AIT.**

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT.
THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS
NOTICE.**

## CONSENT TO JOIN COLLECTIVE ACTION

I, _____, hereby consent to join the lawsuit, *Ryan et al. v. American Institute of Technology, Inc..,* CV2010-00979-PHX-MHM, as a party plaintiff, to assert federal claims against American Institute of Technology for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

Signed at _____ on _____
City, State                              Date

_____
Signature

_____
Printed Name

_____
Address (will be concealed when filed with court)

_____
Phone Number (will be concealed when filed with court)

_____
Email Address (will be concealed when filed with court)

IN ORDER TO JOIN THIS CASE, THIS FORM MUST BE COMPLETED AND MAILED TO THE DESSAULES LAW GROUP WITH A POSTMARK ON OR BEFORE **October 19, 2010**. You may use the pre-addressed, no-postage-required envelope to return your completed form.

# EXHIBIT 3

### NOTICE OF SETTLEMENT OF COLLECTIVE ACTION AGAINST
### AMERICAN INSTITUTE OF TECHNOLOGY, INC.
### (Case No. CV2010-0797-PHX-MHM)

TO:   **Plaintiff Name**
      **Plaintiff Address**
      **City, State Zip Code**

DATE: ---

The purpose of this Notice is to inform you that lawsuit against American Institute of Technology, Inc. ("AIT"), which you joined by submitting a "Consent to Join" form, has settled. The Court has approved the settlement agreement between the parties, in which, among other things, AIT as agreed to pay the enclosed amount to you in exchange for your release and discharge of AIT from all state, local or federal claims, whether known or unknown, which were asserted, or could have been asserted in this FLSA Collective Action against AIT and any of its subsidiaries, parent companies, affiliated entities, related entities, successors, assigns, or division, and which emanate from the same facts set forth in the FLSA Collective Action on behalf of the Named Plaintiffs and/or Opt-In Plaintiffs (or their agents, successors, assigns, heirs, executors or administrators) with respect to the time that they were employed by AIT as Admissions Representatives, or in the case of Marissa Hinton and Ana Vazquez only, as Trainee Services.

The enclosed check has important release language that you must read. Your endorsement and cashing or deposit of the enclosed check operates as your agreement to the release stated on the enclosed check.

The enclosed check shall remain valid and negotiable for one hundred eighty (180) days from the date of its issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.

## <u>The enclosed check must be cashed or deposited within 180 days or it will be cancelled.</u>

**If you have any questions regarding this lawsuit, you may contact the following attorneys for Plaintiffs and Class Members:**

Jonathan A. Dessaules (State Bar No. 019439)
Christine A. Davis (State Bar No. 021046)
Douglas C. Wigley (State Bar No. 027223)
DESSAULES LAW GROUP
2700 N. Central Ave., Ste. 1250
Phoenix, AZ 85004
Telephone: 602.274.5400
Facsimile: 602.274.5401
jdessaules@dessauleslaw.com
cdavis@dessauleslaw.com
dwigley@dessauleslaw.com

# EXHIBIT 4

*Ryan et al v. American Institute of Technology, Inc.*
**Case No. CV2010-0797-PHX-MHM**

| Name | Class | Unpaid Overtime |
|------|-------|-----------------|
| Anderson, Landa | Named Plaintiff | $ 13,738.32 |
| Hinton, Marissa | Named Plaintiff | 5,592.09 |
| Ochs, Barbara | Named Plaintiff | 4,854.98 |
| Ryan, Teresa | Named Plaintiff | 11,013.17 |
| Vazquez, Ana | Named Plaintiff | 1,323.00 |
| | Unpaid Overtime for Named Plaintiffs | $ 36,521.56 |
| | | |
| Bell, Bridget | Opt-In | $ 217.74 |
| Cannon, Carl | Opt-In | 688.41 |
| Carr, Richard | Opt-In | 425.61 |
| Fontana, Stacy | Opt-In | 2,747.64 |
| Franey, Norman | Opt-In | 610.11 |
| Gomez, Cecilia | Opt-In | 2,202.95 |
| Jimenez, Frank | Opt-In | 240.39 |
| Moriarity, Jim | Opt-In | 188.48 |
| Morse, Maryanne | Opt-In | 515.37 |
| Nguyen, Ronald | Opt-In | 5,716.71 |
| Okun, Jamie | Opt-In | 2,029.25 |
| Reed (Salazar), Sommar | Opt-In | 2,300.51 |
| Rogers, Frank | Opt-In | 1,782.36 |
| Sandoval, George | Opt-In | - |
| Smythe, Monica | Opt-In | 561.06 |
| Takiguchi, Fred | Opt-In | 1,199.41 |
| Tichenor, Carl | Opt-In | 3,216.42 |
| Vasquez, Andrew | Opt-In | 6,555.25 |
| Vijeh, Nousha | Opt-In | - |
| | Unpaid Overtime for Opt-In Plaintiffs | $ 31,197.67 |
| | | |
| | **Total Unpaid Overtime** | **$ 67,719.23** |

# EXHIBIT 5

*Ryan et al v. American Institute of Technology, Inc.*
Case No. CV2010-0797-PHX-MHM

<u>Implementation Schedule</u>

| Payment | Description | Date |
|---|---|---|
| $67,719.23 | Unpaid Overtime Wages for Named Plaintiffs and Opt-In Plaintiffs | Within thirty (30) days of the Court's approval of the Settlement Agreement |
| $10,000.00 | Enhancement Payments for Named Plaintiffs | Within thirty (30) days of the Court's approval of the Settlement Agreement |
| Between $25,905.41 and $50,000.00 | Plaintiffs' Counsel Fee Award | Within ten (10) days of the Court's issuance of an Order approving Plaintiffs' Counsel fee award |