UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **TERESA RYAN,** *et al.*,            ) | |
| )  | |
| Plaintiffs,            ) | 2:10-cv-00979 JWS |
| ) | |
| vs.            ) | ORDER AND OPINION |
| ) | |
| **AMERICAN INSTITUTE OF**            ) | [Re: Motion at Docket 37] |
| **TECHNOLOGY, INC.,**            ) | |
| ) | |
| Defendant.            ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 37, plaintiffs Teresa Ryan, Barbara Ochs, Ana Vazquez, Marissa Hinton, and Landa Anderson (collectively "plaintiffs") move for an award of attorneys' fees pursuant to the parties' settlement agreement.  Defendant American Institute of Technology, Inc. ("AIT") opposes the amount of the award at docket 40.  Plaintiffs' reply is at docket 41.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This lawsuit involved a collective action pursuant to 29 U.S.C. § 216(b).  In May 2010, plaintiffs filed a complaint in federal court asserting claims under § 216(b) and Arizona Revised Statute § 23-355, based on AIT's alleged failure to pay overtime and

failure to pay wages in a timely manner.[1]  The court scheduled a settlement conference for December 1, 2010.  The day before the settlement conference the parties settled.[2]

AIT agreed to a gross settlement amount of $77,719.23 in exchange for plaintiffs' release of, *inter alia*, all claims under the Fair Labor Standards Act[3] and all claims arising out of plaintiffs' employment prior to the date of the settlement.[4]  The parties agreed that defendant would pay attorneys' fees in an amount ranging from $25,905.41, representing one-third of the gross settlement, to $50,000, representing the hourly rates of plaintiffs' counsel times the number of hours billed.[5]  The parties agreed that "[t]he [c]ourt [would] decide the amount awarded to [p]laintiffs' [c]ounsel."[6]

### III.  DISCUSSION

Plaintiffs' argue that the court should apply the lodestar method in determining the appropriate amount of the award.  Defendants maintain that the percentage or "common fund" method is appropriate, because "the settlement resulted from a common fund of $77,719.23 from which each individual plaintiff will be awarded an agreed-upon amount."[7]  In common fund cases, a district court has discretion to apply either the

---

[1]Docs. 1, 7.

[2]Doc. 35.

[3]29 U.S.C. § 201, *et seq.*

[4]*See* doc. 36-1 at 2.

[5]*Id.* at 2, 8.

[6]*Id.* at 8.

[7]Doc. 40 at 7.

lodestar method or the percentage method.[8]  The Ninth Circuit has recognized that "in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage."[9]  This is not a common fund case.  AIT agreed to pay attorneys' fees on top of the gross settlement amount.[10]  Because attorneys' fees will not be paid from the settlement amount, the court will apply the lodestar method.

"Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours spent in advancing the successful claims."[11]  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[12]  A district court may then adjust this "presumptively reasonable lodestar figure"[13] based on the factors adopted in *Kerr v. Screen Extras Guild*[14]:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed

---

[8]*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).

[9]*Id.* at 1302.

[10]Doc. 36-1 at 2 ("'Gross Settlement Amount' means the maximum amount that Defendant shall pay in exchange for the release of all Settled Claims by the Named Plaintiffs and the Opt-In Plaintiffs which is the sum of Seventy-Seven Thousand Seven Hundred Nineteen Dollars and Twenty-Three Cents ($77,719.23), excluding the employer's share of . . . payroll taxes, *plus Attorneys' Fees*, which amount is to be determined by the Court in an amount between $25,906.41 and 50,000.00.") (emphasis added).

[11]*Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989).

[12]*Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 564 (1986) (internal quotations omitted).

[13]*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993).

[14]526 F.2d 67, 70 (9th Cir. 1975).

or contingent, (7) time limitations imposed by the client of the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[15]

The court "should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[16]

To prosecute this action, plaintiffs' lawyers filed a complaint, served a disclosure statement, requests for production, interrogatories, requests for admission, and a notice of collective action, stipulated with defendants' counsel as to conditional class certification, negotiated a settlement, and filed the present motion for attorneys' fees. The case involved issues unique to collective actions, although none were particularly novel or complex. Plaintiffs' counsel did devote a good deal of time to creating a spreadsheet detailing their clients' "raw hours worked."[17] Reasonable competence was required to accomplish these tasks. The court concludes that 185 hours is a reasonable expenditure.

Plaintiffs' counsel states that two lawyers, one paralegal, and one legal assistant worked on the case.[18] Those individuals were billed at $275, $175, $125, and $50 respectively. The court concludes that $200 is a reasonable hourly rate, reflective of local custom for purposes of the lodestar calculation. Accordingly, the presumptively reasonable lodestar figure is $37,000.

---

[15] *Id.; see also* LRCiv. 54.2(c)(3) (listing the same factors).

[16] *Delaware Valley*, 478 U.S. at 564 (internal quotations omitted).

[17] *See, e.g.*, doc. 38 at 17.

[18] *Id.* at 2.

The documents supporting plaintiffs' application for fees indicate that the team assigned to plaintiffs' case–the two attorneys, one paralegal, and one legal assistant–spent 295.80 total hours on the case.  Large portions of that time did not require the level of expertise assumed in calculation of the lodestar figure.  For instance, approximately 76 hours were spent reviewing documents provided by AIT.[19]  The disparity between the hourly lodestar figure and the actual time billed is therefore overstated because a team was involved.

Most of the *Kerr* factors were subsumed in calculation of the presumptively reasonable lodestar figure.  Those that were not do not justify departure from the figure.

## IV.  CONCLUSION

For the reasons above, plaintiffs' motion at docket 37 for attorneys' fees is **GRANTED** as follows: AIT shall pay the sum of $37,000 to plaintiffs' counsel within 10 days from the date of this order, as required by the settlement agreement.[20]

DATED this 21st day of March 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19]*See id.* at 12–15.  The vast majority of those hours were billed by the legal assistant at $50 per hour.

[20]Doc. 36-1 at 8.